**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4365**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGGIE WALDO CANADY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   James C. Fox, Senior District Judge.   (CR-02-127)

Submitted:  May 27, 2005                     Decided:  July 11, 2005

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Samuel J. Randall, IV, THE LAW OFFICE OF SAMUEL J. RANDALL, IV, PC, Wilmington, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reggie Waldo Canady appeals from his conviction and sentence for conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846 (2000), possession with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), and using and carrying a firearm during the drug conspiracy in violation of 18 U.S.C. § 924(c) (2000). We affirm Canady's conviction, but we vacate his sentence and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

Canady claims the district court erred in declaring a mistrial without first holding a hearing under Fed. R. Crim. P. 26.3. Canady did not object to the declaration of a mistrial, and we review errors not objected to at trial for plain error. United States v. Jarvis, 7 F.3d 404, 409-10 (4th Cir. 1993). The district court did not specifically ask the parties to state their positions concerning the declaration of a mistrial in accordance with Rule 26.3. However, the court repeatedly asked the parties for suggestions about how to handle the jury's problems and considered every suggestion made by both sides. The purpose of a Rule 26.3 hearing was accomplished because each side had ample opportunity to comment on the jury's deadlock, suggest alternatives, and object to

the mistrial. The district court met the requirements of Rule 26.3 and did not err.

Canady also claims the district court erred in declaring a mistrial rather than taking the less drastic step of dismissing a problem juror. During questioning by the district court, the juror said he could deliberate, had not made his mind up before hearing the evidence, and could participate in jury conversations with an open mind. Fed. R. Crim. P. 23(b)(3) only allows the district court to dismiss a juror "if the court finds good cause." The district court did not find any cause to dismiss the juror and the evidence fails to persuade us that the district court's determination was erroneous.

Canady next claims the district court erred by denying his motion to suppress because the search warrant affidavit was insufficient to establish probable cause. This court reviews the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

The affidavit stated that a confidential informant told police he had been to Canady's residence in the previous forty-eight hours and had seen cocaine base. The affidavit established

the informant's reliability by stating the informant had made controlled purchases of drugs for the police before and had given police reliable tips about stolen property and probation absconders. When an informant has proven to be reliable in the past and has firsthand knowledge of the criminal activity in question, probable cause exists for issuing a search warrant. United States v. Chavez, 902 F.2d 259, 264 (4th Cir. 1990). Furthermore, probable cause did not become stale in the forty-eight hours between the informant's observation and issuance of the warrant; the informant's observation was "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984) (internal quotation marks and citation omitted).

Even if the warrant was defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. United States v. Leon, 468 U.S. 897, 922-23 (1984). The detective knew the informant was reliable from earlier tips and could reasonably rely on the informant to determine whether there was probable cause. The fact that both the magistrate issuing the warrant and the district court reviewing the sufficiency of the warrant concluded that there was probable cause to search is further evidence of the objective good faith of the officers in executing the warrant. See

- 4 -

United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993). The district court correctly denied Canady's motion to suppress because the police had probable cause to search his house, and even if a defect in probable cause existed, the good faith exception applied.

Finally, Canady claims that the district court improperly sentenced him when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone. Because Canady failed to raise this claim below, we must review it for plain error. Hughes, 401 F.3d at 547. The jury convicted Canady of conspiracy to distribute more than fifty grams of cocaine base. At sentencing, the district court found Canady responsible for 79.8 kilograms of cocaine base. Given Canady's criminal history category of I, the facts found by the jury on the drug conspiracy charge authorized an offense level of thirty-two, with a resulting sentencing range of 121 to 151 months. In contrast, the range associated with the judicially enhanced offense level of thirty-eight was 235 to 293 months. The district court erred in basing Canady's sentence on judge-found facts under a mandatory guidelines regime, and the error was plain.[*] Id. at 547-48. Because Canady's sentence was longer than what could have been

_____

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Canady's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

imposed based on the jury's verdict, the error affected Canady's substantial rights, id. at 548, and we will notice the error, id. at 555. Therefore, Canady must be resentenced.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We affirm Canady's conviction. In light of Booker and Hughes, we vacate Canady's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART